MOTOR CASTINGS COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and others, Respondents.

*September 11—October 8, 1935.*

For the appellants there was a brief by *Rouiller, Dougherty, Arnold & Kivett,* attorneys, and *Wood, Warner & Tyrrell* of counsel, and oral argument by *Michael Keelan,* all of Milwaukee.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*L. A. Tarrell* of Milwaukee, for the respondent Joseph Lester.

*Timothy Brown* of Madison, for the respondent Globe Indemnity Company.

For the respondent Travelers Insurance Company there was a brief by *Olin & Butler,* and oral argument by *Byron H. Stebbins,* all of Madison.

For the respondents South Side Malleable Casting Company and Massachusetts Bonding & Insurance Company there was a brief by *Shaw, Muskat & Paulsen,* attorneys, and *Van B. Wake* of counsel, all of Milwaukee.

For the respondent Zurich General Accident & Liability Insurance Company there was a brief by *Peter Molgaard* of Milwaukee.

FRITZ, J.   The judgment appealed from confirmed an award by the Industrial Commission for the payment by the plaintiffs, Motor Castings Company and its insurer, of workmen's compensation to Joseph Lester for partial disability sustained by him on April 7, 1933, while employed by the Motor Castings Company.

In connection with making that award, the commission found that the applicant, Lester, while working in a foundry inhaled silica dust so as to cause his disability, which arose out of his employment while performing service growing out of and incidental thereto; and that "at the time of applicant's sustaining his disability he was in the employ of Motor Castings Company, and his disability commenced on April 7, 1933."

The plaintiffs contend that the evidence does not admit of the finding that Lester sustained compensable disability on April 7, 1933, or while employed by the Motor Castings Company.

Evidence which is undisputed establishes that from 1922 to October 13, 1932, Lester worked for the South Side Malleable Casting Company, where he was exposed to silica dust, as a repairer of sand-blast equipment, except for the last nine months of that period during which time he was exposed to coal dust; that while employed there he was off ten days in February, 1932, because of an appendectomy, and also two weeks in March, 1932, because of a sore chest,

coughing, and spitting blood; and that in October, 1932, that plant closed down and he was laid off and could find no work until he was employed by the Motor Castings Company on February 13, 1933, as an inspector of castings in its foundry. He continued in that employment until discharged on April 7, 1933. He testified in respect to that employment: "I never had to stay away from work because I did not feel well while working at the Motor Castings Company. I think I worked one hundred and ninety-six hours all together for the Motor Castings Company over a period from February 13th to April 7, 1933. I worked whenever they gave me work. I never had to tell them that I was sick or anything like that, but I had the pains I had back in 1929 and 1930 all the way through."

On April 4, 1933, physicians selected by Motor Castings Company, or its insurer, examined Lester; and one of those physicians told him that he was really not fit to be inside of a foundry. Lester testified: "That was about April 5th . . . I did not talk with the boss or foreman, or anybody after that, but I worked on the 7th of April and went home that night and never went back to work because they sent in a discharge over there that they should not keep me there. The foreman told me that. He stated that they discharged me. They would not let me in the foundry any longer. I think he told me that on the 7th day of April, 1933."

It is undisputed that up to the time of that discharge on April 7, 1933, he had worked for the Motor Castings Company without suffering any disability that occasioned any loss of time or wages.

Subsequent to the time that the commission concluded, and the circuit court rendered its decision in this action, that Lester was entitled to the payment of compensation by the plaintiffs, this court decided the cases of *North End Foundry Co. v. Industrial Comm.* 217 Wis. 363, 258 N. W. 439, and

*Glancy Malleable Iron Co. v. Industrial Comm.* 216 Wis. 615, 258 N. W. 445. Under rules which have become established in this state, for the reasons stated in deciding the *North End Foundry Co. Case,* and which were applied in both of the cases last cited, the mere fact that an employee's discharge may have been prompted by the employer's anticipating a future wage loss because of existing medical disability, which has, however, not actually occasioned any loss of time or wage by the employee up to the time of such discharge, does not admit of holding that compensable disability entitling him to compensation from that employer had arisen during the existence of that employment. Consequently, as Lester had not sustained any wage loss while in the employment of the Motor Castings Company up to the time of his discharge on April 7, 1933, the evidence does not admit of the commission's determination that he sustained compensable disability while in that employment, and its award for the payment of compensation by the plaintiffs should have been set aside by the circuit court.

On this appeal the Industrial Commission, in view of this court's decisions in the cases cited above, does not urge that its findings and award are correct, but suggests that "possibly liability should have been imposed upon a prior employer, and that the record should be remanded for additional hearings and findings." Lester, however, has not requested a rehearing or any such relief. The commission's finding that "disability commenced on April 7, 1933," negatives, by implication, the existence of any compensable disability prior to that time; and that has been accepted by him as a verity. Moreover, although Lester laid off from work for two weeks in March, 1932, because of pains in his chest and coughing and spitting blood, that illness does not appear to have been regarded as an occupational disease. As there was no testimony, medical or otherwise, that that illness, or the layoff in March, 1932, was due to silicosis, it would have

been wholly conjectural to conclude that there was then a wage loss and compensable disability due to an occupational disease, and a finding to that effect would have been unwarranted.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment setting aside the award.